IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUANITA SNOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1206-DWD |
| ) | |
| PEPSI MIDAMERICA CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Juanita Snow asserts employment discrimination claims against her former employer, Defendant Pepsi MidAmerica Co. Now before the Court is Defendant's Motion to Stay (Doc. 7). Defendant asks the Court to stay this matter pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4. Defendant argues that Plaintiff entered into an alternative dispute resolution agreement with Defendant at the time she was hired, on or about December 16, 2019. Defendant maintains that Plaintiff agreed, as a condition of her employment, to submit her claims in this matter to Defendant's Alternative Solutions to Solving Employee Disputes, Dispute Resolution Program ("ASSET" or "ASSET DRP"), with such decisions being final, binding, and exclusive (Doc. 8). Plaintiff opposes the Motion (Doc. 9).

### Discussion

The Federal Arbitration Act mandates that courts enforce valid, written arbitration agreements. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002) (citing 9 U.S.C. § 2).

1

This mandate reflects a federal policy that favors arbitration and "places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Courts are responsible for deciding whether an agreement to arbitrate exists before ordering arbitration. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 741–42 (7th Cir. 2010). Once a court is satisfied that an agreement to arbitrate exists, the FAA instructs the court to stay proceedings on issues subject to arbitration and provides a mechanism for parties to request that the court compel arbitration pursuant to the agreement. 9 U.S.C. §§ 3–4; *see also Tinder*, 305 F.3d at 733.

A party opposing a motion to compel arbitration bears the burden of identifying a triable issue of fact as to the existence of the purported arbitration agreement. *Tinder*, 305 F.3d at 735. The opponent's evidentiary burden is akin to that of a party opposing summary judgment under Federal Rule of Civil Procedure 56. *Id.* "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* The Court must believe the evidence of the party opposing arbitration and draw all justifiable inferences in its favor. *Id.* If the party opposing arbitration identifies a genuine issue of fact as to whether an arbitration agreement was formed, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *see Tinder*, 305 F.3d at 735.

Plaintiff argues that the Court should deny Defendant's motion to compel arbitration because Defendant's have not established that a valid agreement to arbitrate exists. In support, Plaintiff correctly notes that Defendant did not attach the alleged

arbitration agreement to its Motion, although Plaintiff did attach an alleged copy of the agreement to her response (Doc. 9-1).  Plaintiff further declared, under penalty of perjury, that she was not provided with a copy of the A.S.S.E.T. Agreement by Defendant's H.R. Manager or "anyone at PMA" at any "time before, during, or after my employment." (Doc. 9-2).

In reviewing the parties' briefing and the alleged arbitration agreement, the Court cannot conclude at this stage that the parties formed an agreement to arbitrate.  Plaintiff has identified genuine issues concerning the agreement's formation.  *See, Tinder*, 305 F.3d at 735.  First, Defendant failed to provide a copy of the entire arbitration agreement or Plaintiff's acknowledgement of the agreement.  In its Memorandum (Doc. 8), Defendant references language from an alleged signed acknowledgement form whereby Plaintiff allegedly agreed to participate in Defendant's dispute resolution program.  However, these paragraphs are not authenticated, and Defendant did not identify a custodian who could authenticate these paragraphs.  *See, e.g.*, *Pearson v. United Debt Holdings, LLC*, 123 F.Supp.3d 1070, 1074 (N.D. Ill. 2015) (citing *Mitze v. Colvin,* 782 F.3d 879, 882 (7th Cir.2015), *In re Morris Paint & Varnish Co.,* 773 F.2d 130, 134 (7th Cir.1985) ("Unsworn statements by attorneys in briefs are not evidence on which the Court can rely.").  Similarly, Defendant appears to cite specific language from its arbitration agreement, however this language is also not authenticated.  Nor can the Court discern if this language appears in a separate document from the alleged signed acknowledgement form, or if the two paragraphs are a part of the same document.

In contrast, in her sworn Declaration, Plaintiff states that she has no recollection of ever receiving a copy of the arbitration agreement. This statement alone does not foreclose the possibility that Plaintiff accepted an arbitration agreement by virtue of her employment, or continued employment, with Defendant, and her mere failure to recall receiving such an agreement does not create a triable issue of fact as to her accepting it. *See Tinder*, 305 F.3d at 736. Specifically, the Court observes that Plaintiff does not state that she never received a copy of the arbitration agreement, or that she signed or accepted the agreement. Instead, she merely states that she was not provided a copy of the agreement by Defendant. Nevertheless, because there are genuine issues in dispute as to whether a valid arbitration agreement was formed between the parties, and specifically as to what the terms of the alleged agreement are, the Court cannot resolve this dispute without an evidentiary hearing. Section 4 of the FAA provides that in the event:

> the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, . . . the court shall hear and determine such issue.

9 U.S.C. § 4.

Accordingly, the Court will schedule a trial focused on issues related to the formation of the arbitration agreement. By separate notice the Court will set a scheduling conference. At the scheduling conference, the parties should be prepared to schedule a trial focused on issues related to the formation of the arbitration agreement. To the extent that the parties believe that limited expedited discovery is necessary prior to such a trial, the parties should present their views at the scheduling conference.

Defendant's Motion to Stay (Doc. 7) will be held in **ABEYANCE** until resolution of the issues related to the formation of the arbitration agreement.

**SO ORDERED.**

Dated: February 9, 2022

_____
DAVID W. DUGAN
United States District Judge